UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CHAUN D. CARRIDINE, | Civil No. 15-4167 (JRT/FLN) |
| Petitioner, | **MEMORANDUM OPINION AND ORDER AFFIRMING ORDER AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| v. | |
| DAVID RICHOUS, | |
| Respondent. | |

Chaun D. Carridine, No. 229283, MCF – Oak Park Heights, 5329 Osgood Avenue North, Stillwater, MN  55082, *pro se*.

Linda Kay Jenny, Assistant Hennepin County Attorney, **HENNEPIN COUNTY ATTORNEY'S OFFICE**, 300 South Sixth Street, Minneapolis, MN  55487, for respondent.

Petitioner Chaun Carridine filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, as well as a motion to compel discovery, seeking relief from his life sentence for first-degree premeditated murder.  United States Magistrate Judge Franklin L. Noel issued an Order and Report and Recommendation ("R&R") dismissing Carridine's motion to compel discovery, recommending that the Court deny Carridine's application for habeas corpus relief, and recommending that the Court dismiss Carridine's action with prejudice.  Carridine now objects to the Magistrate Judge's Order and R&R.  Because the state court's denial of Carridine's claims was neither contrary to clearly established federal law as determined by the United States Supreme Court, nor based on an unreasonable determination of the facts, the Court will affirm and adopt the

Magistrate Judge's Order and R&R, deny Carridine's petition for writ of habeas corpus, and dismiss this case with prejudice.

# BACKGROUND[1]

Carridine shot Lorenzo Guffie outside of Palmer's Bar in Minneapolis on the night of June 3, 2007. *State v. Carridine*, 812 N.W.2d 130, 134 (Minn. 2012). As a result of the shooting, Guffie died the following morning at Hennepin County Medical Center. *Id*.

At trial, the State's witnesses testified that Carridine and Guffie got into an argument, but no physical confrontation, at Palmer's Bar. *Id.* One of Guffie's associates testified that he heard Carridine ask Guffie, "[w]hy you rob me?" and heard Guffie tell Carridine to "[s]top saying I robbed you." *Id.* Upon leaving the bar, Guffie again got into a similar argument with Carridine near the parking lot. *Id.* at 134-135. Guffie then got into his car with his associates and was driving forward when Carridine walked up to the car and shot Guffie. *Id.* at 135.

Carridine's testimony at trial conflicted with the State's witnesses. *Id.* Carridine testified that he recognized and tried to avoid Guffie and his associates at Palmer's Bar, but that Guffie approached Carridine and asked, "[w]hat's this shit I hear about you telling people that I'm a thief and I stick people up and I rob people," to which Carridine responded that he did not want any problems with Guffie. *Id.* Carridine testified Guffie

---

[1] The facts underlying Carridine's conviction have been set forth in detail by the Minnesota Supreme Court, *State v. Carridine*, 812 N.W.2d 130, 134-37 (Minn. 2012), and by the Magistrate Judge (Order and R&R at 1-6, July 6, 2016, Docket No. 28). The Court, therefore, adopts by reference the background set forth by the Minnesota Supreme Court and provides only a brief summary of the facts that are relevant to the instant action.

or one his associates then hit Carridine on the back of the head, but that their fight was soon broken up. *Id.* Once Carridine left the bar and was in the parking lot, Guffie allegedly hit Carridine with his car and then pulled out his gun. *Id.* at 136. Carridine testified he had no choice but to shoot at Guffie's car until he drove away, but that he did not intend to hit anyone. *Id.*

A state court jury found Carridine guilty of first-degree premeditated murder, and Carridine was sentenced to life in prison. *Id.* at 134. Upon Carridine's direct appeal, the Minnesota Supreme Court affirmed Carridine's conviction on May 9, 2012. *Id.* Carridine then filed a petition for postconviction relief, asserting error in the admission of impeachment evidence, prosecutorial misconduct, ineffective assistance of counsel, and newly discovered evidence. *Carridine v. State*, 867 N.W.2d 488, 492-93 (Minn. 2015). Carridine was summarily denied postconviction relief on all claims except for the claim based on newly discovered evidence, which was ultimately denied after an evidentiary hearing. *Id.* at 491. The Minnesota Supreme Court affirmed the denial of postconviction relief on July 29, 2015. *Id.*

Carridine filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 19, 2015. (Pet. for Writ of Habeas Corpus ("Habeas Pet."), Nov. 19, 2015, Docket No. 1.) In his petition, Carridine asserted nine grounds for relief which fall under four categories: (1) ineffective assistance of appellate and trial counsel; (2) prosecutorial misconduct; (3) invalid grand jury indictment; (4) and abuse of discretion of the state courts. Richous responded that all of Carridine's claims have either been addressed or found to be procedurally barred by the Minnesota Supreme Court. Carridine then filed an

amended motion to compel discovery for various materials in order to expand the record, including crime scene reports and images, certified copies of the State's witnesses' criminal backgrounds, autopsy reports, crime lab reports, and police reports. (Pet'r's Mot. for Disc. at 1, Apr. 14, 2016, Docket No. 15; Am. Mot. for Disc. at 1-2, May 10, 2016, Docket No. 20.)[2]

On July 6, 2016, the Magistrate Judge issued an Order and R&R which dismissed Carridine's motion to compel discovery, recommended denying the habeas petition, and recommended dismissing Carridine's case with prejudice. (Order and R&R at 13, July 6, 2016, Docket No. 28.) Carridine timely filed objections to the Order and R&R on July 25, 2016. (Objs., July 25, 2016, Docket No. 29.) Carridine appears to object to the Magistrate Judge's conclusion that relief was not available based on ineffective assistance of appellate and trial counsel. (*Id.* at 1-5.) Carridine also objects to the Magistrate Judge's denial of his amended motion to compel discovery. (*Id.* at 4.)

## ANALYSIS

### I.   STANDARD OF REVIEW

A party may file "specific written objections" to a Magistrate Judge's R&R. Fed. R. Civ. P. 72; *accord* D. Minn. LR 72.2(b)(1). The party should specify the portion of the R&R to which he or she objects, and describe the basis for the objections. *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).

---

[2] The Magistrate Judge granted Carridine's implicit request to amend his original motion to compel discovery and denied the original motion as moot. (Order and R&R at 12 n. 1.)

For non-dispositive motions, the Court will "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The Court reviews *de novo* any portion of an R&R "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). Objections which are not specific but merely repeat arguments presented to and considered by a Magistrate Judge are not entitled to *de novo* review, but rather are reviewed for clear error. *See Martinez v. Astrue*, No. 10-5863, 2011 WL 4974445, at *3 (E.D. Pa. Oct. 19, 2011) (citing cases from numerous other jurisdictions); Fed. R. Civ. P. 72 advisory committee's note, subd. (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

As the Magistrate Judge's order dismissing Carridine's motion to compel discovery is a non-dispositive order, the Court will set it aside only if it is clearly erroneous. Although some of Carridine's objections to the R&R merely repeat his arguments presented to the Magistrate Judge, the Court will review portions of the R&R that Carridine objected to *de novo*.

## II.  THE ANTITERORISM AND EFFECTIVE DEATH PENALTY ACT

The Antiterrorism and Effective Death Penalty Act of 1996 limits the availability of relief for petitions for habeas corpus in federal court. 28 U.S.C. § 2254. The Court may not grant a habeas petition unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination
of the facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d).  The petitioner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence."  *Id.* § 2254(e)(1).

### III.   CARRIDINE'S OBJECTIONS

The Magistrate Judge's Order and R&R thoroughly addresses Carridine's claims, and thus, the Court will not duplicate that work by addressing all issues again; instead, the Court will address Carridine's claims and the issues only to the extent necessary to deal with the present objections regarding the determinative reasoning in the Magistrate Judge's Order and R&R.  (Order and R&R at 1-6.)

#### A.   Ineffective Assistance of Appellate Counsel

First, Carridine objects to the Magistrate Judge's conclusion that habeas relief is not available for appellate counsel's alleged failure to submit Carridine's *pro se* amended or supplemental brief.[3]  (Objs. at 3.)  To prove ineffective assistance of counsel,

---

[3] The Magistrate Judge concluded that the Minnesota Supreme Court did not appear to consider whether Carridine's appellate counsel was ineffective for failing to submit his *pro se* amended or supplemental brief.  (Order and R&R at 10.)  However, the Minnesota Supreme Court, in affirming the denial of Carridine's postconviction relief, stated:

> Carridine also claims in his brief that his appellate counsel was ineffective because counsel "failed to submit petitioners [sic] amended supplement[al] pro-se brief." Carridine did not raise this claim below, and therefore we need not consider it. *Robinson v. State,* 567 N.W.2d 491, 494 n. 2 (Minn. 1997) ("It is well settled that a party may not raise issues for the first time on appeal.").

(Footnote continued on next page.)

Carridine must show that (1) his counsel's representation was so deficient that it fell below the standards guaranteed to him under the Sixth Amendment, and (2) that Carridine was prejudiced by his counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-92 (1984). Carridine argues he satisfies the first prong because his appellate counsel injected, "personal beliefs not based on law" by not filing Carridine's *pro se* amended or supplemental brief, and advising Carridine that the "appellate court would not entertain any further delays or motions" due to Carridine's previous counsel's inaction. (Objs. at 3.) Carridine also argues he meets the second prong because his appellate counsel's decision not to submit the amended brief prevented Carridine from preserving issues later found procedurally barred. (*Id.*) Carridine has not provided a copy of his proposed amended brief or described the issues it contained, but instead broadly states that it contained the "same issues that the courts later found procedurally barred." (*Id.*)

Having considered appellate counsel's alleged failure, the Court concludes that such a decision constitutes legal strategy which does not fall below Carridine's Sixth

_____
(Footnote continued.)

*Carridine*, 867 N.W.2d at n. 4. If Carridine is referring to the same amended brief that the Minnesota Supreme Court considered in his appeal for postconviction relief, then the Court would not have jurisdiction to review Carridine's claim for ineffective assistance of appellate counsel as the Minnesota Supreme Court's finding of waiver "rests on a state law ground that is independent of the federal question and adequate to support the judgment." *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991). However, assuming Carridine's claim was not waived, even if appellate counsel could have obtained leave of court to submit a supplemental or amended brief authored by Carridine, the Court will find that Carridine's ineffective assistance of appellate counsel also fails on the merits.

Amendment standard of representation. *See United States v. Cervantes*, 267 Fed. App'x 741, 743 (10th Cir. 2008) (holding decision not to file brief in support of motion to suppress evidence while pursuing a plea agreement was matter of reasonable trial strategy that did not support claim of ineffective assistance of counsel); *Evans v. Stephens*, No. 13-301, 2015 WL 66524, at *11-12 (N.D. Tex. Jan. 5, 2015) (holding appellate counsel's failure to file a brief raising one or more issues on direct appeal and failure to file a motion for new trial did not support a claim of ineffective assistance of counsel). Appellate counsel is not required to raise every conceivable argument urged by his client on appeal, regardless of merit. *Smith v. Robbins*, 528 U.S. 259, 287-88, (2000). It is counsel's duty to choose among potential issues, according to counsel's judgment as to their merits and the tactical approach taken. *Jones v. Barnes*, 463 U.S. 745, 753-54 (1983). Carridine has not provided any evidence that his appellate counsel's decision was anything other than a strategic choice to not duplicate issues that had already been preserved or to prevent further delay.

Pursuant to federal law, as appellate counsel was not ineffective in failing to file Carridine's supplemental brief, the Court will overrule Carridine's first objection and adopt the R&R's recommendation to dismiss this ground.

### B. Ineffective Assistance of Trial Counsel

Carridine's next objection is that the Magistrate Judge recommended denying that Carridine's trial counsel was ineffective by failing to investigate all materials and documents as well as interview all witnesses and experts with materially admissible

information in preparation for trial.  (Objs. at 4.)  In his habeas petition, Carridine argued that trial counsel failed to consult with an independent forensic expert, request forensic reports, interview the State's witnesses, hire a private investigator, subpoena cellphone records of a State witness, and file motions to suppress evidence.  (Habeas Pet. at 5, 7-8, 10.)

Carridine raised these claims in his postconviction petition.  *Carridine*, 867 N.W.2d at 494.  The postconviction court denied relief, concluding that Carridine's claim was procedurally barred because it was based on the trial record and could have been raised on direct appeal.  *Id.* at 493.  The Minnesota Supreme Court affirmed the postconviction court.  *Id.*  Additionally, in analyzing Carridine's claim for ineffective assistance of appellate counsel, the court found that Carridine's ineffective assistance of trial counsel claim failed under the *Strickland* standards.  *Id.* at 493-95.  The court held that Carridine could not satisfy the first prong of the *Strickland* test, as trial counsel's alleged errors related to trial strategy, and that Carridine could not satisfy the second prong of *Strickland* because "[e]ven if his counsel successfully took all of the steps Carridine suggest[ed] . . . Carridine ha[d] not shown that anything other than cumulative and non-material evidence would have been admitted." *Id.* at 494-95.

When presented with an ineffective assistance of counsel claim in the context of a federal habeas petition, "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold.' "  *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473

- 9 -

(2007)).  A state court is given significant latitude to reasonably determine that a defendant failed to satisfy the *Strickland* standard.  *Id.*

The Minnesota Supreme Court's denial of relief for ineffective assistance of trial counsel was neither contrary to federal law – indeed the court applied federal law – nor based on an unreasonable determination of the facts.  28 U.S.C. § 2254(d).  Therefore, the Court will overrule Carridine's second objection and adopt the R&R's recommendation to dismiss this ground.

### C.   Motion to Compel

Carridine also objects to the Magistrate Judge's order denying his motion to compel discovery.  (Objs. at 4.)  As discussed above, Carridine has not shown that he is entitled to federal habeas relief, and therefore he has also failed to show good cause required for his motion to compel discovery.  *Bracy v. Gramley*, 520 U.W. 899, 908-09 (1997) (holding where Petitioner shows that he is likely entitled to habeas relief, he has shown "good cause" as required for discovery).  Because the Court will overrule Carridine's other objections, adopt the R&R, and dismiss Carridine's habeas petition, the Magistrate Judge's denial of his motion for discovery was proper.

### D.   Certificate of Appealability

The Court may grant a Certificate of Appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). The petitioner must show that the issues are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

*Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). Carridine has not shown that reasonable jurists would find the issues raised in his habeas petition debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings. The Court therefore declines to grant a Certificate of Appealability in this case.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Magistrate Judge's Order [Docket No. 28] is **AFFIRMED.**

2. The Court **OVERRULES** Carridine's objections [Docket No. 29], and **ADOPTS** the Order and Report and Recommendation of the Magistrate Judge [Docket No. 28] as follows:

   a. Carridine's petition under 28 U.S.C. § 2254 for writ of habeas corpus [Docket No. 1] is **DENIED**.

   b. Carridine's claims are **DISMISSED with prejudice**.

3. For the purposes of appeal, the Court does **NOT** grant a Certificate of Appealability under 22 U.S.C. § 2253(c)(2).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: December 29, 2016　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　United States District Court